# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-239-LPS |
| OFFICE DEPOT INC., | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-287-LPS |
| J.C. PENNEY COMPANY, INC., | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-288-LPS |
| QVC INC., | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 13-289-LPS |
| SEARS HOLDINGS COMPANY, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-326-LPS |
| | : | |
| LIMITED BRANDS, INC., | : | |
| | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-330-LPS |
| | : | |
| GAP INC., | : | |
| | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-331-LPS |
| | : | |
| WILLIAMS-SONOMA INC., | : | |
| | : | |
| Defendant. | : | |
| PRINCETON DIGITAL IMAGE CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 13-404-LPS |
| | : | |
| COSTCO WHOLESALE CORP., | : | |
| | : | |
| Defendant. | : | |

| | |
|---|---|
| PRINCETON DIGITAL IMAGE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> NORDSTROM.COM LLC, NORDSTROM.COM INC., and NORDSTROM INC. <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : C.A. No. 13-408-LPS <br> : <br> : <br> : <br> : <br> : |

## MEMORANDUM ORDER

Having reviewed the parties' filings regarding their proposed final judgments (C.A. 13-239-LPS D.I. 275, 276, 277, 278),[1]

IT IS HEREBY ORDERED that:

1. Adobe Systems Incorporated's ("Adobe") motion for entry of final judgment (C.A. 13-239-LPS D.I. 275; C.A. No. 13-287-LPS D.I. 275; C.A. No. 13-288-LPS D.I. 275; C.A. No. 13-289-LPS D.I. 274; C.A. No. 13-326-LPS D.I. 272; C.A. No. 13-330-LPS D.I. 272; C.A. No. 13-331-LPS D.I. 274; C.A. No. 13-404-LPS D.I. 273; C.A. No. 13-408-LPS D.I. 290) is GRANTED IN PART, as the Court will enter an order of final judgment consistent with the Court's rulings and the events during trial. The Court will NOT adopt Adobe's proposed final judgment, as the Court has found and stated that the record demonstrates that Adobe could prove some amount of purely defense fees.

2. The Court will ADOPT the second final judgment proposed by Princeton Digital Image Corporation ("PDIC"). (D.I. 278) The Court sets out the following procedural history to

---

[1]All references to the Docket Index are to C.A. No. 13-239, unless otherwise noted.

1

provide accurate context for the final judgment. *See In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 243 (3d Cir. 2006).

3. On August 1, 2017, the Court granted in part and denied in part PDIC's motion for summary judgment on Adobe's breach of contract claim, concluding in pertinent part as follows:

> [T]he Court agrees with PDIC that Adobe cannot collect as damages for the breach of contract any attorney fees Adobe incurred in the affirmative breach-of-contract suit. . . .
>
> However, the defense fees – that is, those Adobe incurred in defending [third-party] Defendants [i.e., Adobe customers] from PDIC's infringement suit, suits that were brought in alleged violation of the covenant not to sue – are the type of fees that may be awarded as damages. Adobe's legal costs in defending its customers are a proper measure of the harm to Adobe caused by PDIC's alleged breach.
>
> . . .
>
> Nor is the Court persuaded that Adobe cannot disaggregate its defense fees from its affirmative fees. . . . By separate order, the Court will direct Adobe to serve a supplemental expert report relating to the revised amount of damages Adobe is seeking in light of today's rulings.

(D.I. 220 at 13-14)

4. By Order entered the same date, the Court directed that "Adobe shall serve on PDIC a supplemental expert report relating to the amount of damages it is seeking, in light of today's rulings," by no later than August 7. (D.I. 221 at ¶ 4)

5. On August 7, 2017, Adobe served on PDIC a supplemental expert report relating to damages. (D.I. 230)

6. On August 9, 2017, PDIC filed an "Emergency Renewed Motion for Summary

2

Judgment." (D.I. 234)

7. On August 10, 2017, the Court held a pretrial conference, relating to a jury trial scheduled to begin on August 21, 2017, and directed the parties to (among other things) brief a motion to strike Adobe's new expert report and brief "whether under [governing] New Jersey law attorney fees that are incurred in a way that is inextricably intertwined between affirmative and defense costs are recoverable." (Tr. at 72-73)

8. On August 17, 2017, after receiving the required briefing, the Court struck Adobe's supplemental expert report as non-compliant with the Court's previous Order, as it "does not separate Adobe's defense fees from its affirmative fees" (D.I. 260 at 4-6), and further held that under New Jersey law Adobe could not recover defensive attorney fees that were inextricably intertwined with affirmative fees (*id.* at 7-8).

9. In the same August 17, 2017 Order, the Court nonetheless denied PDIC's motion for summary judgment, as even after striking the supplemental expert report "[t]here is sufficient evidence of record of Adobe's purely defensive fees, including Adobe's billing records, on which a reasonable juror could find that Adobe has proven the damages element of its breach-of-contract claim." (*Id.* at 8-9)

10. In the same August 17, 2017 Order, the Court gave Adobe an additional opportunity to "file a letter with the Court, copying PDIC, (i) disclosing the total amount (in dollars) of defense fees Adobe is seeking as breach-of-contract damages (i.e., only those fees that Adobe incurred in defending its customers in the infringement suits and no fees associated with Adobe's breach-of-contract claim; defense fees that are 'inextricably intertwined' with affirmative fees are not recoverable), and (ii) identifying with particularity the record bases (e.g.,

the specific legal bills) on which Adobe intends to rely to support its calculation of the amount of damages it is seeking." (*Id.* at 9-10)

11. On August 19, 2017, Adobe submitted a letter to the Court disclosing its damages. (D.I. 270)

12. On the morning of August 21, 2017, on the first day of trial, out of the presence of potential jurors but while the jury pool was assembled in the courthouse waiting to be selected, the Court concluded that Adobe's August 19 damages submission did not disclose a purely defensive fee number. (D.I. 276-1 at 46)

13. Despite Adobe's noncompliance, the Court declined to grant summary judgment on damages, for reasons including that, as the Court stated, it was "undisputed that some amount of Adobe's legal fees are purely defensive in the manner the Court has defined them," so "a reasonable juror could find that Adobe has proven some damages." (*Id.*)

14. The Court further ruled that "Adobe will be permitted to present a purely defensive number to the jury provided that it discloses that number to PDIC before we get to opening statements." (*Id.*)

15. After further discussion with counsel and a recess, Adobe – contending that, given the Court's rulings, "Adobe doesn't have damages to present" – requested that, in light of the Court's rulings, the Court not select a jury but, instead, cancel trial and enter judgment in favor of PDIC. (*Id.* at 67)

16. PDIC did not object to Adobe's request but stated it believed Adobe "still could have put on a damage case." (*Id.* at 70)

17. The Court then restated its view "that there are purely defensive damages that can

be proven on this record," but added that it was not "in a position to force Adobe" to go to trial and, therefore, agreed to proceed as Adobe requested. (*Id.* at 70-71)

19. The parties were unable to agree to a form of judgment the Court could enter (*see* D.I. 275, 276, 277, 278), and the Court has concluded that adopting PDIC's second proposed form of order (D.I. 278), in conjunction with the context provided by this memorandum, is appropriate.

IT IS FURTHER ORDERED that, for the reasons stated in Court during trial, Adobe's motion for sanctions (C.A. 13-239-LPS D.I. 261; C.A. No. 13-287-LPS D.I. 261; C.A. No. 13-288-LPS D.I. 261; C.A. No. 13-289-LPS D.I. 260; C.A. No. 13-326-LPS D.I. 258; C.A. No. 13-330-LPS D.I. 258; C.A. No. 13-331-LPS D.I. 260; C.A. No. 13-404-LPS D.I. 259; C.A. No. 13-408-LPS D.I. 276) is DENIED WITHOUT PREJUDICE.

August 25, 2017
Wilmington, DE

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE